10-0729-cr
*USA v. Pendergrass*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of December, two thousand and ten.

PRESENT: WILFRED FEINBERG,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

              *Appellee,*

        -v.-                              10-0729-cr

AARON PENDERGRASS,

              *Defendant-Appellant.*

---

FOR APPELLANT:      DEVIN McLAUGHLIN, Langrock, Sperry &
                    Wool, LLP, Middlebury, VT.

FOR APPELLEE:       NANCY J. CRESWELL, Assistant United
                    States Attorney, (Gregory L. Waples,
                    Assistant United States Attorney, *on the
                    brief*), *for* Tristram J. Coffin, United
                    States Attorney for the District of
                    Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Aaron Pendergrass appeals from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*), entered on February 19, 2010, convicting Pendergrass upon a plea of guilty to participating in a conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, involving in excess of 50 grams of crack cocaine. Pendergrass entered into a plea agreement with the Government on July 22, 2009, in which he stipulated that the charged conspiracy involved between 500 grams and 1.5 kilograms of crack, and agreed that he was "in fact, guilty of the crime with which he [wa]s charged." App. 18-19. On appeal, he contends that the district court erred insomuch as it denied his request to withdraw that plea of guilty and proceed to trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Pendergrass first argues that the district court abused its discretion in denying his motion to withdraw his guilty

plea because he presented a "fair and just" reason for doing so, within the meaning of Fed. R. Crim. P. 11(d). Specifically, Pendergrass contends that his guilty plea was premised upon a misunderstanding of the Government's evidence against him. Apparently Pendergrass was under the mistaken impression, based on incorrect statements to him by his attorneys, that the Government's evidence included over 50 grams of crack cocaine that was purchased directly from Pendergrass by confidential informants pursuant to "controlled buy" operations. In reality, the controlled buys only yielded 48.11 grams of crack. Another 12 grams were recovered from a drug courier known as "Baby," and, because Pendergrass was not aware of this fact until his plea allocution, and he asserts that he was not the source of the 12 grams of crack recovered from Baby, he maintains that his plea of guilty to a conspiracy involving more than 50 grams of crack cocaine should be withdrawn.

To assess whether a defendant has proffered a "fair and just" reason for withdrawal of a guilty plea, Fed. R. Crim. P. 11(d), "a district court should consider, inter alia: (1) the amount of time that has elapsed between the plea and motion; (2) whether the defendant has asserted a claim of

3

legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Doe,* 537 F.3d 204, 210 (2d Cir. 2008). The defendant bears the burden of establishing that relief is warranted, and he must do so with evidence. *See United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001). "A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *Id*. (quoting *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997)).

Notwithstanding that five weeks elapsed between the entry of Pendergrass's guilty plea and his motion to withdraw the plea, Pendergrass has not met his burden of establishing a fair and just reason for withdrawing the plea. He contends that he has asserted a claim of "legal innocence" of the crime charged, insomuch as he denies responsibility for the 12 grams of crack recovered from Baby, but he has never made any showing — either to the district court, or to this Court — that his stipulation that the conspiracy involved between 500 grams and 1.5 kilograms of crack was incorrect when made. Whether the 12 grams of crack recovered from Baby is considered or not, the

4

Government was prepared to present at trial (and, at sentencing, did so present) that the scope of the conspiracy involved *well* in excess of 50 grams of crack. Pendergrass has presented absolutely no evidence to the contrary.

And, most importantly, during his plea allocution Pendergrass was presented with all of the Government's evidence against him — including that only 48.11 grams of crack were recovered directly from Pendergrass, and that the Government was prepared to prove "a much larger quantity . . . than 60 grams" at trial — and acknowledged that the recitation of facts was accurate, and that he wished to plead guilty. App. 37, 41. His subsequent conclusory assertions, through counsel, that he is innocent of the crime charged, in no way impugn the validity or accuracy of that plea, for "a change of heart prompted by [defendant's] reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzales*, 970 F.2d 1095, 1100 (2d Cir. 1992).

Pendergrass next argues that the district court should have permitted him to withdraw his guilty plea because it was the product of ineffective assistance of counsel.

Although "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," *Massaro v. United States*, 538 U.S. 500, 504 (2003), there are circumstances in which an ineffective assistance claim can be resolved "beyond any doubt" and "in the interest of justice," *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004).

We do so here. Even assuming, *arguendo,* that Pendergrass's trial attorneys were constitutionally deficient in telling Pendergrass that the amount of crack involved in the controlled buys was greater than 50 grams, Pendergrass cannot establish that, but for that error, "he would not have pled guilty and would have proceeded to trial." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). Taken in its totality, the record does not demonstrate with any reasonable probability that Pendergrass would have proceeded to trial had he known that the controlled buys only amounted to 48.11 grams of crack, in light of the following: (1) Pendergrass knowingly and voluntarily entered a plea of guilty after the Government marshaled its evidence, including the amount of crack obtained directly from Pendergrass pursuant to the

6

controlled buys; (2) Pendergrass received a three-level reduction for acceptance of responsibility that he would have lost had he proceeded to trial; (3) two of Pendergrass's co-conspirators had pled guilty and agreed to testify against him; and (4) the evidence of Pendergrass's guilt, most of which has never been contested by Pendergrass, is overwhelming. *See, e.g., id.* at 321-22. Accordingly, we conclude that there is no reasonable probability that, but for counsels' alleged errors, Pendergrass would have proceeded to trial.

We have considered Pendergrass's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7